**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

FRANK E. LLOYD, JR.,

       Plaintiff,

       v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

       Defendant.

Case No. 3:14-cv-2027 JVB

## OPINION AND ORDER

Plaintiff Frank E. Lloyd seeks judicial review of the Acting Social Security

Commissioner's decision denying him disability insurance and supplemental income benefits,

and asks this Court to remand the case. For the reasons below, the Court affirms the decision of

the Acting Commissioner.


**A.**      **Overview of the Case**

Plaintiff was forty-seven years old at the time of the alleged disability onset date in

November 2007. He claims he became disabled as a result of breathing problems, a heart attack,

and an injury to the left heel. The Administrative Law Judge (ALJ) found that Plaintiff had two

severe impairments: degenerative joint disease of the left ankle and chronic obstructive

pulmonary disease. Yet the ALJ found that, despite these impairments, Plaintiff was able to

perform a number of light unskilled jobs in the regional economy.

**B.      Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C.

§ 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from

evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will

uphold decisions that apply the correct legal standard and are supported by substantial evidence.

*Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).


**C.      Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits

under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a
> severe impairment; (3) whether the claimant's impairment is one that the
> Commissioner considers conclusively disabling; (4) if the claimant does not have
> a conclusively disabling impairment, whether he can perform his past relevant
> work; and (5) whether the claimant is capable of performing any work in the
> national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*,

227 F.3d 863, 868 (7th Cir. 2000).


**D.      Analysis**

Plaintiff argues that the ALJ committed three errors:  (1) she failed to assign proper

weight to Dr. Heinsen, Plaintiff's treating physician; (2) she didn't support her residual

functional capacity (RFC) findings by substantial evidence; and (3) she failed to consider the

appropriate Listings for plaintiff's medical condition.

**(1)** *The ALJ sufficiently explained why she discounted Dr. Heinsen's opinion*

Plaintiff claims that the ALJ failed to give controlling weight to the opinion of Dr. Heinsen, Plaintiff's treating physician, without explaining why. He insists that Dr. Heinsen's opinion was based on subjective evidence in the case. Furthermore, he argues that the ALJ did not indicate what weight she was attributing to the opinions of Dr. Mohamed Mokaden and Dr. Frank Choate, and thus committed a reversible error.[1]

The ALJ discounted Dr. Heinsen's opinions because they were inconsistent with the objective evidence and because they were essentially a reiteration of Plaintiff's subjective complaints, which the ALJ found not credible. Plaintiff points to page 370 of the record for the proposition that Dr. Heinsen's opinions were based upon objective evidence. Question 4 of the disability questionnaire directs: "Identify the ***clinical findings*** and test results that show your patient's medical impairments." Dr. Heinsen wrote in the following:

- He had an abnormal Doppler [illegible]

- He needs to have test of his joint

- An abnormal pulmonary function test

The Doppler test refers to his condition of thrombosis, which the other doctors found to be a minimal impairment. The pulmonary function test refers to his breathing but, as Dr. Ashok Jilhewar noted, the test revealed only minor abnormality. Contrary to Plaintiff's assertion that Dr. Heinsen also based his opinion on X-rays (*see* Pl.'s Reply Brief at 6) citing R. at 370 for proposition that Dr. Heinsen relied on x-rays)), there's nothing in his notes to suggest that was

---

[1] In his Reply brief, Plaintiff also argues for the first time that the ALJ relied on unsigned doctor reports. Arguments not raised in the opening brief are waived. But in any case, Plaintiff's argument is frivolous. Each of the three documents he challenges bears an electronic signature of the doctor (*see*, e.g., R. at 252) and there's no indication that these signatures were rubber stamped or inserted by someone other than the reviewing doctors.

the case. In fact, he only states that Plaintiff "needs to have a test of his joint." (R. at 370.) On the other hand, Dr. Jilhewar who testified as an expert at the hearing before the ALJ and whom the ALJ found to be most knowledgeable, noted that the x-ray revealed only very minimal arthritis. And there was no evidence that the ankle pain was treated beyond oral medication.

However, what hurt Dr. Heinsen's credibility even more than these inconsistencies was his opinion that Plaintiff could stand or walk fewer than two hours each during an eight-hour workday, creating an inference that Plaintiff was bedridden. (R. at 361.) Such a severe limitation is not supported in the record and is inconsistent with Plaintiff's statements in the case.

As to the opinions of Dr. Mohamed Mokaden and Dr. Frank Choate, Plaintiff is correct that the ALJ should have explained how much weight she was giving to these opinions. But if the Court were to remand this case on that basis, the remand would be futile. The opinions of Drs. Mokaden and Choate do not favor Plaintiff; rather, the ALJ's RFC finding is more restrictive than proposed by the two doctors, who found Plaintiff able to perform medium work. In fact, in his Reply, Plaintiff seeks to exclude Dr. Choate's opinion altogether because it's purportedly not signed.

**(2)** *RFC determination was not erroneous*

Plaintiff suggests that the ALJ did not explain how she arrived at her conclusions regarding his RFC and did not include certain impairments. (Plaintiff is silent as to which additional impairments should have been included.) Plaintiff also insists that the ALJ's reference to degenerative joint disease as "Plaintiff's alleged impairment" shows her bias.

As to the latter argument, Plaintiff talks himself out of it by noting that the ALJ found the heel condition to be a severe impairment. As often is the case in legal writing, the word "alleged" was merely misused and had no legal effect on the ALJ's overall decision.

The Court finds no error in the ALJ's RFC finding. She accounted for all of Plaintiff's limitations and, with the exception of Dr. Heinsen, was more restrictive in her assessment than were the assessments of most of the doctors.

**(3)**      *Substantial Evidence Supports the ALJ findings regarding the Listings*

Plaintiff believes that the ALJ should have considered listings 1.03[2] and 4.12.[3] But these listings would come into play only if the ALJ believed Plaintiff's subjective complaints that he had extreme walking limitation or that he has a serious cardiovascular disease. As explained above, she found less restrictive limitations, and her findings were supported by substantial evidence.

**E.**      **Conclusion**

For these reasons, the Court affirms the decision of the Acting Commissioner.

SO ORDERED on March 31, 2016.

 S/ Joseph S. Van Bokkelen

JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE

---

[2] 1.03 Reconstructive surgery or surgical arthrodesis of a major weight.
[3] 4.12 Peripheral arterial disease.